IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLORADO

Civil Action No.

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.     FUNDS FROM APPROXIMATELY 364 CITI BANK ACCOUNTS,

       Defendant.

---

### VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

---

The United States of America, by and through Acting United States Attorney Matthew T. Kirsch and Assistant United States Attorney Tonya S. Andrews, pursuant to Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions G(2), states:

### <u>JURISDICTION AND VENUE</u>

1.     The United States of America (the United States) has commenced this action pursuant to the civil forfeiture provisions of 18 U.S.C. § 981(a)(1)(C), seeking forfeiture of defendant funds based on violations of the theft of public funds provision 18 U.S.C. § 641, and of wire fraud provisions 18 U.S.C. § 1343 <u>et seq.</u> This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355.

2.     Venue is proper under 28 U.S.C. § 1395, as some of the acts described herein occurred in the District of Colorado.

## DEFENDANT PROPERTY

3.      Defendant property is more fully described as:

a.      All funds held in approximately 364 accounts at CITI Bank ("defendant accounts"), which are more fully described and identified in Attachment A. The United States Secret Service has custody of 3 checks from CITI Bank, totaling $11,913,591.76.

## FACTUAL BASIS FOR FORFEITURE

4.      Except as otherwise noted, all of the following facts and information have been discovered through my own investigation, and the observations and investigations of fellow law enforcement officers as reported to me.

## BACKGROUND INFORMATION

5.      In June 2020, the United States Secret Service (USSS) Central Florida Cyber Fraud Task Force (CFTF) began an investigation into various accounts at several financial institutions after receiving complaints of fraud in connection with the e Small Business Administration's (SBA) Paycheck Protection Program Loan (PPP) and Economic Injury Disaster Loan (EIDL) program.

6.      Reports of individuals suspected of submitting fraudulent PPP and EIDL loan applications through the online SBA website utilizing fabricated employment information and/or documentation, or stolen individual and corporate personally identifiable information, were submitted to the USSS by various financial institutions.

7.      CITI Bank identified numerous accounts that had obtained SBA EIDL funds fraudulently based on the following fraud indicators present in the accounts: (1) Newly created accounts with abnormal transaction activity (little to no prior financial

transactions) or existing accounts with no activity in past 24 months prior to SBA deposit, (2) Large SBA loan amounts or deposits with minimal or no other sources of deposits, (3) Inability to positively identify account holders (synthetic or unauthorized accounts); (4) Inability to connect SBA applicant to business under which the loan was applied; (5) Customer account name does not match SBA loan applicant's name; (6) Account was linked to other fraud events; (7) Account was associated with a newly formed business ineligible for SBA EIDL loans; (8) No customer inquiries after funds were frozen; and (9) No proper identification supplied in instances where funds were frozen, followed by a customer inquiry and request for customer identification..

## OVERVIEW OF THE CARES ACT

8.      On March 27, 2020, the President signed into law the Coronavirus Aid, Relief, and Economic Security (CARES) Act, which provided emergency assistance, through the SBA, to small business owners, including agricultural businesses, and nonprofit organizations in all the U.S. states, Washington D.C., and territories affected by the Coronavirus (COVID-19) pandemic. The two sources of funding for small businesses were the Paycheck Protection Program (PPP) and the Economic Injury Disaster Loans (EIDL) program.

9.      CARES allocated billions of dollars in COVID-related EIDL funding from legislation enacted on or about March 27, 2020, and on or about April 24, 2020. The SBA EIDL program provided small businesses with working capital for fixed debts, payroll, accounts payable, and other bills resulting from the pandemic. Small businesses could receive an advance of funds up to $10,000 and loans of up to $2 million. Individuals could apply via SBA's online website for both advances and loans.

The.advance did not require any business documentation and could be approved within 1-3 days. The EIDL loans required minimal documentation and information from small businesses to process the loans for approval.

10.     Based on the investigation to date, unknown individuals seem to be engaged in a scheme to defraud the SBA, a department or agency of the United States, by utilizing "synthetic identities"[1] to create illegitimate or unauthorized CITI Bank accounts and/or utilizing "money mules"[2] with CITI Bank accounts in an attempt to conceal the identity, source, and destination of the fraudulently obtained U.S. government funds.

11.     Individuals applying for an EIDL loan would file applications online, via the website and servers belonging to an SBA contractor located in Des Moines, Iowa, in an attempt to obtain SBA EIDL funds. As part of the application process, unknown conspirators designated a financial institution's routing number and account number to direct the stolen funds, one such financial institution being CITI Bank.

12.     Once the SBA EIDL applications were approved, the Small Business Administration's Denver Finance Center[3] with servers located in Denver, Colorado, created payment files and authorized payments of the EIDL funds based on those applications.  This payment file was then transmitted via wire to the U.S. Treasury disbursing office in Kansas City, Missouri, who would, in turn, send instructions for

---

[1] "Synthetic identities" are created using a combination of real and fictitious or wholly fictitious personally identifiable information (PII) to open illegitimate or unauthorized financial accounts.

[2] "Money mules" are those hired or lured by cybercrime rings to, sometimes unwittingly, move the proceeds of financially motivated cybercrimes from the target country to the perpetrator's home country.

[3] Denver Finance Center, OCFO, SBA, 721 19th Street, Suite 373, Denver, CO 80202.

payment of funds to the Federal Reserve Bank ACH processing site in East Rutherford, New Jersey.  The Federal Reserve Bank would then send the funds via wire transfer to the recipient's designated bank account, including the CITI Bank accounts designated by the perpetrators. CITI Bank is headquartered in New York City, NY, and has servers located throughout the United States.

13.     On or about August 10, 2020, the Department of the Treasury's Financial Crimes Enforcement Network[4], in partnership with the SBA and the Secret Service, issued an alert, **Detection and Mitigation of Paycheck Protection Program and Economic Injury Disaster Loan Fraud**, to all financial institutions, describing the types of SBA loans (PPP & EIDL), ineligible uses of the loans, fraud indicators, and guidance for returning funds. The alert included several fraud indicators to assist the financial institutions in identifying fraudulent transactions, including:

- False statements on applications
- Fraudulent supporting documents (e.g., payroll, tax forms)
- Identity theft
- Corporate ID theft (shell corporations)
- Misuse of proceeds
- New Employer Identification Numbers (EIN)
- Shell corporations/dormant EINs
- Recent business incorporations
- Large loan amounts
- Newly created and/or multiple accounts with abnormal transaction activity
- Consumer accounts instead of business accounts
- Quick movement of money in and out of accounts (often within 1-2 days)
- Withdrawals made via cash or apps (e.g., CashApp, Zelle, GreenDot)
- Abnormal transaction activity to payment platforms known for poor anti-money laundering controls
- Transfers to overseas accounts known for poor anti-money laundering controls.

---

[4] FinCEN oversees and implements policies to prevent and detect money laundering.

14.     From on or about April 29, 2020, to on or about January 5, 2021, CITI Bank received approximately $18,212,500.00 in suspected fraudulent SBA EIDL funds in numerous accounts. CITI Bank safeguarded approximately $11 million of these SBA funds after receiving the August FinCEN alert, by freezing hundreds of accounts.

15.     CITI Bank, as part of its normal investigative standards for accounts recently established with little to no transaction history, requested additional identification from the account holders. CITI Bank received little to no response to this request for additional identification from these account holders or inquiry as to why the accounts were frozen. Those that did respond did not provide any identification from the account holders. Nevertheless, a portion of those funds was disbursed prior to the freezing of the accounts.

16.     Based on the fraud indicators listed above, CITI Bank identified and restrained approximately 364 accounts containing approximately $$11,913,591.76in SBA EIDL funds as being either synthetic accounts or money mule accounts.

17.     Beginning in August 2020, CITI Bank began closing these approximately 364 accounts and transferring the account balances to a sub-ledger account controlled and held by CITI Bank.

18.     On April 1, 2021, the USSS obtained a seizure warrant for all funds held by CITI Bank in the sub-ledger account with the SBA EIDL fund contents from approximately 364 closed CITI Bank accounts.

19.     On May 24, 2021, the USSS received three checks from CITI Bank totaling $11,913,591.76.

20.      Agents with the Secret Service also did additional investigation into a sampling of the Citibank accounts.  Of the approximately nineteen reviewed, none of the accountholders could be associated with an existing business.  Further, most phone numbers associated with the accountholders were not in service or would not accept incoming calls.  Also, for at least six accounts in the sample, the accountholder name was not associated with that address in public databases.  Finally, at least one accountholder, with whom a voice message was left, confirmed that he had not applied for an SBA application and did not own a business.

## CONCLUSION

21.      In summary, there is reasonable cause to believe that all funds held in the CITI Bank sub-ledger, more specifically identified in Attachment A, constitute or are derived from proceeds traceable to violations of 18 U.S.C. § 641 (theft of public funds) and 18 U.S.C. § 1343 (wire fraud), and are, therefore, subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).


[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

[SIGNATURE PAGE TO FOLLOW]

## VERIFICATION OF SCOTT GORE, SPECIAL AGENT,

## UNITED STATES SECRET SERVICE

I, Special Agent Scott Gore, hereby state and aver under the pains and penalties of perjury that I have read the foregoing Factual Basis for Forfeiture and that the facts and information contained therein are true.

Scott Gore
Special Agent
United States Secret Service

8

<u>FIRST CLAIM FOR RELIEF</u>

1.      The Plaintiff repeats and incorporates by reference the paragraphs above.

2.      By the foregoing and other acts, defendant "funds from approximately 364 CITI Bank accounts" constitute or are derived from proceeds traceable to violations of the theft of public funds provision 18 U.S.C. § 641, and wire fraud provisions of 18 U.S.C. § 1343 <u>et seq.</u> Therefore, defendant "funds from approximately 364 CITI Bank accounts" are forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

WHEREFORE, the United States prays for entry of a final order of forfeiture for the defendant property in favor of the United States, that the United States be authorized to dispose of the defendant property in accordance with law, and that the Court enter a finding of probable cause for the seizure of the defendant property and issue a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

DATED, this 9th day of September 2021.

Respectfully submitted,

MATTHEW T. KIRSCH
Acting United States Attorney

By:  *s/ Tonya Andrews*
Tonya S. Andrews
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: 303-454-0100
Fax: 303-454-0405
Email: tonya.andrews@usdoj.gov